AUGUST HEINZ, Appellee, v. JELSKE CRAMER, Appellant.

1. **Boundaries**: ADVERSE POSSESSION: EVIDENCE. Where, in an action to recover the possession of certain land, the defendant in his answer claimed title to such land under an agreement with one S., and admitted that the plaintiff was the grantee of S., *held*, that it was not incumbent upon the plaintiff to trace his title by a continuous chain to the government.

2. ———: ———: ———. Ten years' possession of land under claim of title, based upon an agreement made through the mutual mistake of two adjoining proprietors as to the true boundary line between their respective quarter sections, will not support a title by adverse possession.

3. ———: ———: ———. Where, before the expiration of ten years in such case, by proper proceedings, to which said adverse claimant was a party, the true boundary line between said quarter sections was established, and the result acquiesced in by said claimant, though he continued in possession of the land in question, *held*, that there was not adverse possession for ten years.

*Appeal from Wright District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, FEBRUARY 2, 1892.

ACTION at law to recover a strip of land in the south part and along the south line of a government subdivision of forty acres of land. The defendant is the owner of the land which bounds the said forty-acre tract on the south. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Nagle & Birdsall*, for appellant.

*C. F. Peterson*, for appellee.

VOL. 84—32

ROTHROCK, J.—I. There is no dispute about the actual boundary between the lands of the parties.

1. BOUNDARIES: adverse possession: evidence.

The line as established by the government survey is as claimed by the plaintiff. The defendant claims the strip of land in dispute by adverse possession. The plaintiff in presenting his case to the jury appears to· have been of opinion that it was incumbent on him to trace his title to the forty acres which he claimed by a regular chain of conveyances from the government to himself. The appellant claims that the plaintiff failed to show title in this manner by reason of defective acknowledgment of certain deeds, and in other respects. We need not set out and discuss these questions. The plaintiff was not required to show a regular line of conveyances from the government to himself. The answer of the defendant presented such an issue as that evidence of that kind was not required. He claimed title to the strip of land in dispute by reason of an agreement between. himself and one Schutt, the plaintiff's grantor, and he avers in his answer that the defendant and Schutt were "the respective owners" of the lands on each side of the disputed line. This is a distinct admission in the answer that Schutt was the owner of the land now claimed to be owned by the plaintiff. The plaintiff was therefore not required to prove title in himself, because it is admitted in the answer that he is the grantee of Schutt.

II. As we have said, the defendant claims title to the strip of land in dispute by reason of adverse pos-

2. —: —: —.

session; and the evidence shows that he has been in the actual possession of the land for more than ten years. He testified as a witness that an agreement was made between Schutt and himself that the true line between the lands was where it is now claimed by the defendant. It is evident that the intention of the parties was that the line should be

the government line, and that, if such an agreement as is claimed by the defendant was made, it was a mutual mistake; and the evidence shows that the defendant never intended to assert any claim to land beyond or north of the government line between the respective tracts. The court instructed the jury upon this question as follows:

"5. If, at the date this suit was commenced (which date is April 25, 1889), the defendant had been in peaceable and exclusive possession of the land up to the north line of the disputed strip, and cultivated and claimed it as his own, and such claim of ownership has been open, notorious and adverse to all the world for more than ten years, then his possession and claim has ripened into a good title, and, if you so find, your verdict will be for the defendant. To be adverse, however, the holding or possession of the defendant must have been with the intention of insisting upon his right to the land in controversy, as against all others, and not by mere mistake as to the location of the line as fixed by the government survey.

"6. On the other hand, if, when the defendant took possession of the strip of land in controversy, he only intended to occupy and claim the government subdivision of the land described in his deed, but by mistake extended his possession too far north, and included the disputed strip, and has since occupied and cultivated it with no intention of claiming it as his own, unless it was in fact included within the true boundaries of the land described in his deeds, then his possession, however long continued, was not adverse; and, if you so find, your verdict will be for the plaintiff."

It is claimed that instruction number 5 is erroneous, because it excludes the thought that the parties might set the statute of limitations in motion by an agreement respecting the line. The ready answer to this position is that the court had in other instructions

fully and correctly charged the jury upon this question.
The jury may have based their verdict on the fact that
there was no valid agreement between the defendant
and the owner of the land now owned by the plaintiff.
The evidence tends to show that the defendant and the
plaintiff's grantor, in whatever was done in reference to
the boundary, acted in mutual mistake as to where the
true line was; and the defendant in his testimony as a
witness stated, in substance, that he did not claim any
land beyond the true line, but that his claim was
founded in the belief that the strip of land belonged to
his quarter section.

There is another thought in this connection. The
evidence shows that the alleged agreed line was not
acquiesced in by the adjoining owners for
3. —: —: —. ten years. There was dispute about it for
several years before this action was commenced. The
alleged agreement in reference to the line was made in
the year 1878, and soon thereafter the defendant set
out a willow hedge on the line. After the dispute arose
between the parties, and in the year 1887, the plaintiff
made application to the court for the appointment of a
commissioner under the statute in such cases provided,
in which proceeding the defendant was made a party,
and a survey was had. The defendant was present,
and appeared in the proceeding, and the commissioner
made a report that he found the line to be where the
plaintiff now claims it to be; and the court made an
order or decree establishing the line in accord with the
report, and ordered that the defendant pay one fourth
of the costs. The defendant was represented by coun-
sel in that proceeding, and there is evidence in the
case to the effect that he was satisfied with the survey,
and wanted to know of the plaintiff who owned the
willows; that the plaintiff claimed he owned them, but
that the defendant could grub them out and take them,
and also remove some oats then growing on the land.
It will thus be seen that the jury were warranted in

finding that there was not adverse possession for ten years, if, indeed, the possession was adverse for any time.   In view of the evidence, we think it may fairly be said that the case falls within the rule announced in *Grube v. Wells*, 34 Iowa, 148, and *Skinner v. Crawford*, 54 Iowa, 119.

We may say, in conclusion, that there is no ground upon which the defendant can claim the land in dispute, by reason of an estoppel upon the plaintiff.   The only agreement he testified to between himself and the plaintiff's grantor is that when the defendant desired to break his land he called upon the plaintiff's grantor to know where the line was, and what was thought to be the corner was pointed out to him.   It thus plainly appears that the parties were mistaken as to where the line was.   If the defendant had, on the faith of this, erected valuable buildings upon the land in dispute, it may be that the plaintiff ought to be estopped from claiming the land.   But this question we do not determine.

The judgment of the district court is AFFIRMED.