Silver Creek Cement Corporation *v.* The Union Lime and Cement Co.

No. 16,347.

THE SILVER CREEK CEMENT CORPORATION *v.* THE UNION LIME AND CEMENT COMPANY.

REAL ESTATE.—*Description.*—*Quantity.*—*Metes and Bounds.*—It is only in the absence of monuments, courses and distances that the quantity of land named in a deed will govern.

SAME.—*Description.*—*Metes and Bounds.*—*Adverse Possession.*—*Ejectment.*—Where the evidence does not expressly show any adverse possession of lands beyond the metes and bounds fixed in the deed, the metes and bounds must control in a possessory action.

EJECTMENT.—*Recovery.*—*Issues Formed by General Denial.*—*Relative Strength of Title.*—Where the complaint in an action for ejectment is answered only by general denial, the plaintiff must recover, if at all, upon the strength of his own title, and not upon the alleged weakness of his adversary's title.

TITLE.—*Color of Title.*—*Adverse Possession.*—Where there is no color of title there can be no constructive possession, and consequently no ripening of title into ownership.

From the Floyd Circuit Court.

*S. S. Johnson* and *R. W. McBride*, for appellant.

*G. H. D. Gibson*, *H. A. Burtt* and *J. E. Taggart*, for appellee.

HOWARD, J.—This was an action by appellant for the recovery of the possession of real estate. The appellee answered in general denial, and the cause was submitted to the court for trial. There was a finding and judgment for the appellee. It is assigned as error that the court overruled appellant's motion for a new trial.

The reasons given in the motion for a new trial were that the finding and decision were not sustained by sufficient evidence, and that they were contrary to law.

In an action for the possession of real estate, when, as in this case, the defendant, by a general averment, simply denies the plaintiff's claim, it is necessary for the plaintiff to recover, if at all, upon the strength of his own title, and not upon the alleged weakness of his ad-

versary's title. *Deputy* v. *Mooney*, 97 Ind. 463; *Roots* v. *Beck*, 109 Ind. 472. We shall therefore not consider what is said in the record or in argument as to the title, or want of title, in appellee.

On June 15, 1836, John McClintock conveyed to Aaron Wooten a tract of land in Clark county, described by metes and bounds, and said to contain ninety-six acres. Appellant's claim to the land in controversy is based upon a deed made November 14th, 1838, by Aaron Wooten to John Gilmore for a part of the tract so conveyed to Wooten by McClintock. The description of this land conveyed by Wooten to Gilmore is also by metes and bounds, and to the description so made are added the words "containing seventy-eight acres, two roods and four poles." Two deeds were afterwards made for this land so deeded by Wooten to Gilmore, the last being June 1st, 1883, to appellant. In each of these last deeds the land is described in like manner by metes and bounds, stating also the number of acres but adding the words "more or less."

It is now claimed that the land included in the metes and bounds does not equal in quantity the seventy-eight acres and a fraction stated in the deeds, and appellant seeks to recover the difference from appellee, who is in possession of the remainder of the original ninety-six acres conveyed by McClintock to Wooten.

The description by metes and bounds in this case is very detailed and definite, naming the point of beginning, the monuments, the courses and the distances. The monuments have all been located, and the lines and corners found as set out in the deed to appellant.

It is well settled that recitals in a deed as to the quantity of land conveyed, whether of acres, rods or feet, are not necessarily conclusive. In describing a tract of land, monuments, if named, control, and after monuments

Silver Creek Cement Corporation v. The Union Lime and Cement Co.

come courses and distances.   It is only in the absence of monuments, courses and distances, that the quantity of land named in the. deed will govern.   *Allen* v. *Kersey*, 104 Ind. 1, and authorities there cited; 2 Am. and Eng. Enc.. of Law, 499.

Under the deed in this case, therefore, appellant can claim only the land embraced in the description by metes and bounds.

But counsel also contend that the evidence shows that appellant had possession of the land, with claim of right, for over twenty years before appellee took forcible possession of the same.   We have carefully considered the evidence adduced on this point, and can find nothing in it sufficient to support the contention of counsel.   To acquire a right by occupancy, there must be an actual enjoyment of the use of the premises.

In this case, as late as June, 1883, when appellant received the deed now claimed to include the land in controversy, no question seems to have been made as to the correctness of the description by metes and bounds, as given in that deed.

The witnesses relied upon to show possession of the disputed land, state, in substance, that the grantors put their grantees in possession of the land conveyed.   Nor is there any sufficient evidence that appellant or any of its grantors ever claimed any boundary other than as described in the deed to appellant.

This being so, there could be no adverse possession on the part of the appellant; for if one is ignorant of the location of a boundary, and intends to claim only to the true line, wherever that may be, his possession, even if actual, is not adverse, and will not ripen into ownership. 1 Am. and Eng. Encyc. of Law, 249; *Schraeder, etc.*, v. *Packer*, 129 U. S. 688; *Heinz* v. *Cramer*, 51 N. W. Rep. 173; *Finch* v. *Ullmann*, 16 S. W. Rep. 863.

Moreover, there is not in this case even satisfactory evidence that any definite boundary was located, fenced, or occupied by appellant. And if the possession claimed was constructive only, still, from what we have said of the descriptive words, as contained in appellant's deed, we do not think there was color of title; and without color of title there could be no constructive possession, nor any ripening of title into ownership. 1 Am. and Eng. Encyc. of Law, 253, 292.

And while there is some vague testimony as to points and limits believed by the witnesses to be within appellant's land, yet we can not, for this uncertainty, if it should be such, reverse the judgment on the weight of the evidence. The witnesses were all before the trial court, and that court was much better able than this to judge of the force and effect of their testimony. *Skinker* v. *Haagsma*, 99 Mo. 208.

The real controversy in the case is due to the conflict between the description in the deed by metes and bounds and the number of acres stated as contained within those limits. The mistake in calculating the number of acres was one easy to make. The metes and bounds, on the other hand, are fixed, definite and visible. These metes and bounds must control, since the evidence does not expressly show any adverse possession of lands beyond the boundaries so fixed.

The judgment is affirmed.

Filed Nov. 8, 1893.

## On Petition for a Rehearing.

Howard, J.—In the earnest and courteous petition and brief for a rehearing, it is contended that the judgment should be reversed on the evidence. We have again carefully read the evidence as set out in the record, and while it might seem, as counsel contend, that the

preponderance was in favor of appellant, yet there is evidence, and that pertinent to the issues, and sufficient to sustain the judgment in favor of the appellee.

This evidence, too, was sufficient to satisfy two trial courts, there having been a new trial as of right and a change of venue, that the appellant had not made out its claim to the property in dispute under any view of the issues. We can not weigh the evidence thus passed upon in those trials, nor disturb the judgment based upon it.

The petition is overruled.

Filed June 8, 1894.