The Illinois Central Railroad Company

*v.*

John E. Wakefield.

*Opinion filed June 18, 1898.*

1. Limitations—*statute runs against land granted by State to Illinois Central Railroad Company.* Land donated to the Illinois Central Railroad Company by the State of Illinois in 1851, being part of the strip 200 feet wide set apart as right of way, is not exempt from the operation of the Statute of Limitations as part of a public highway declared by Congress on granting the land to the State, as, by its charter, the company became the owner of the land in fee simple, and was not bound to include the whole 200 feet in its right of way or maintain it as such.

2. Same—*right of way may be acquired by adverse possession.* Title to land reserved by a railroad company as right of way but not included within its fences may be acquired by an abutting owner by adverse possession, under section 1 of the Limitation act.

3. Same—*parol admissions made after bar is complete do not divest title.* Parol admissions or declarations by an abutting owner after he has acquired title to railroad land by twenty years' adverse possession do not divest the declarant or his heirs of the title thus acquired nor the right to possession of the land.

4. Same—*admissions after bar of statute is complete do not work estoppel.* Admissions or declarations by an adverse owner, made after the bar of the statute has become complete, do not work estoppel, as tending to show a permissive use, nor involve any question of the settling of disputed boundary lines.

Boggs, J., dissenting.

Appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding.

Williams & Capen, (C. V. Gwin, of counsel,) for appellant:

Adjoining owners can agree by parol upon the boundary line and where their partition fence shall be, and such agreement is valid and binds the parties. *St. Bede College* v. *Weber*, 168 Ill. 324; *Kerr* v. *Hitt*, 75 id. 51; *Darst* v. *Enlow*, 116 id. 475; *Fisher* v. *Bennehoff*, 121 id. 426; *Mullaney* v. *Duffy*, 145 id. 559.

Where an owner of land assents to its occupation, or where defendant's possession is rightful, he cannot afterwards bring ejectment. *Sands* v. *Wacaser*, 149 Ill. 530.

The adoption of a boundary line may be implied from acts and declarations, and acquiescence therein. *Sheets* v. *Sweeney*, 136 Ill. 336; *Mt. Carmel* v. *McClintock*, 155 id. 608; *Pitts* v. *Looby*, 46 Ill. App. 54.

A plaintiff in ejectment must recover on the strength of his own title. *Agnew* v. *Perry*, 120 Ill. 655; *Stumpf* v. *Osterhage*, 94 id. 115; *Vallette* v. *Bennett*, 69 id. 632.

To constitute title by prescription the possession must be adverse or hostile in its inception and so continue without interruption for twenty years, and must be under claim or color of title. *Railroad Co.* v. *Houghton*, 126 Ill. 233; *Zirngibl* v. *Dock Co.* 157 id. 430.

Limitation does not run either against the general government or the State. *Catlett* v. *People*, 151 Ill. 16; *Cook* v. *Foster*, 2 Gilm. 652; *Bank* v. *Brown*, 1 Scam. 106.

Adverse possession cannot be made out by inference or implication, for the presumptions are all in favor of the true owner, and the proof to establish it must be

strict, clear, positive and unequivocal.  *Zirngibl* v. *Dock Co.* 157 Ill. 430.

Before the date of the issuing of a patent to government lands no adverse possession can begin in favor of or against any one.  *Thompson* v. *Prince*, 67 Ill. 281; *Spellman* v. *Curtenius*, 12 id. 409; *Gibson* v. *Chouteau*, 13 Wall. 92; *Dunn* v. *Miller*, 75 Mo. 260; *Duke* v. *Thompson*, 16 Ohio, 34; *Drew* v. *Valentine*, 18 Fed. Rep. 712; *Janes* v. *Wilkinson*, 42 Pac. Rep. 735.

One who enters upon the public domain and occupies and claims title by prescription is a mere trespasser, or at most a tenant at will.  *Wagnon* v. *Fairbank*, 105 Ala. 527; *Kittaning Academy* v. *Brown*, 41 Pa. St. 269.

Before a party can maintain ejectment of land belonging to the government he must obtain the legal title from the United States.  Possession, however long maintained, will not sustain the action.  *Wallace* v. *Minor*, 7 Ohio, 249; *Trustees* v. *Satterfield*, 2 Ohio Cir. Ct. 86; *Henry* v. *Henry*, 5 Pa. St. 247.

Appellant's right of way is declared by Congress to be a public highway, and services to the government and State are reserved, therefore the Statute of Limitations will not run against it.  *Burgess* v. *Gray*, 16 How. 48; *Railroad Co.* v. *Freeport*, 138 Pa. St. 91; *Railroad Co.* v. *Slaight*, 49 Hun, 35; *Allard* v. *Lobau*, 3 Mart. (N. S.) 293.

Adverse possession claimed by an individual does not run against a public highway.  *Alton* v. *Transportation Co.* 12 Ill. 38; *Field* v. *Barling*, 149 id. 556; *Smith* v. *McDowell*, 148 id. 51; *Chicago* v. *Middlebrooke*, 143 id. 265.

Payment of taxes on a tract of land is not evidence of adverse possession.  *Raymond* v. *Morrison*, 59 Iowa, 371; *Malloy* v. *Bruden*, 86 N. C. 251; *Bear V. C. Co.* v. *Dewart*, 95 Pa. St. 72.

SAMPLE & MORRISSEY, for appellee:

The declarations of the party in possession are evidence to show extent of actual occupation and character

of claim.    *Abel* v. *Vangelder*, 36 N. Y. 513; *Cannon* v. *Stock-man*, 36 Cal. 541; *Whitaker* v. *Wheeler*, 44 Ill. 440; *Hardisty* v. *Glenn*, 32 id. 63; *Rowley* v. *Hughes*, 40 id. 316.

Admissions or declarations made by the adverse owner after the bar of the statute is complete, which lack the elements of conferring title, will not revive the title of the former owner and are not admissible for such purpose. *Hoffman* v. *White*, 90 Ala. 356.

Title acquired by adverse possession for twenty years cannot be divested by any subsequent acknowledgment, except by deed sufficient to pass title to the land. *Morton* v. *Barnes*, 45 Mich. 22; *School District* v. *Benson*, 31 Me. 381; *Yates* v. *Shaw*, 24 Ill. 369; *Riggs* v. *Riley*, 113 Ind. 208; *Bruce* v. *Washington*, 80 Tex. 368; *Avent* v. *Arrington*, 105 N. C. 393; *Hoffman* v. *White*, 90 Ala. 356; *Jones* v. *Hughes*, 16 Atl. Rep. 849; *School District* v. *Benson*, 31 Me. 381.

Adverse possession of land for twenty years gives good title, either as against fee or easement.    *Turney* v. *Chamberlain*, 15 Ill. 271; *Hinchman* v. *Whetstone*, 23 id. 108; *Riverside* v. *Townsend*, 120 id. 9; *Railroad Co.* v. *Moore*, 160 id. 9; *Railroad Co.* v. *Houghton*, 126 id. 233; *Railroad Co.* v. *O' Connor*, 154 id. 550; *Donahue* v. *Railroad Co.* 165 id. 640.

It is not essential that there should be proof of claim of title by one in possession, but it is sufficient if it appears that he so acted as to clearly indicate that he did claim title. *James* v. *Railroad Co.* 91 Ill. 554; *Faloon* v. *Simshauser*, 130 id. 655.

Payment of taxes, with occupancy, is evidence of claim of title and its extent.    Buswell on Limitations and Adverse Possession, sec. 248.

Mr. Justice Wilkin delivered the opinion of the court:

This is an action of ejectment begun by appellee, against appellant, in the court below, to recover a strip of land 50 feet wide and 50 rods long, lying parallel to and abutting upon the right of way of the appellant railroad company. To the declaration the defendant pleaded

the general issue. By agreement of parties a jury was waived and the case tried before the court. From a judgment in favor of plaintiff this appeal is prosecuted.

The evidence taken upon the hearing shows that the land in controversy is a part of a section donated to appellant by the State of Illinois, under the act of the legislature of February 10, 1851, granting to it its charter. The State derived title to the same from the general government by an act of Congress of September 20, 1850, (9 U. S. Stat. at Large, 466,) being "An act granting the right of way and making a grant of land to the States of Illinois, Mississippi and Alabama in aid of the construction of a railroad from Chicago to Mobile." Appellant, in 1852 or 1853, after filing a plat pursuant to the terms of its charter, showing its right of way, and reserving a strip 100 feet wide on each side of the center of its track, conveyed to Campbell Wakefield, father of appellee, the land abutting on the strip in controversy. About the same time it built a fence on its right of way on a line 50 feet distant from the center of its track. In 1885 it began the removal of the fence to the line 100 feet distant from the center of its track, where it has since remained and now stands in a partially completed condition. During the intervening thirty-two or thirty-three years between 1852 or 1853 and 1885 the 50 feet between the lines of the old and new fences was in the actual, visible and exclusive possession of Campbell Wakefield, who farmed it in connection with his abutting land and treated it as a part of his farm. It is to recover possession of that strip that this action is brought. A short time before the removal of the fence to the 100-foot line the section foreman of appellant informed Campbell Wakefield of the company's intention to make the removal, and he testifies that thereupon Wakefield went to his house and shortly afterwards returned, saying, in substance, his deed did not give him the land; that he did not own it, and they might build the fence on the 100-foot line. The new fence was only

partly built at that time, but about two years later work was again commenced, whereupon appellee, who, as the sole heir of Campbell Wakefield, had inherited the land, forbade the fence being built, and appellant desisted.

The position of appellant that the land was a part of its right of way, and as such declared by Congress to be a public highway, and therefore the Statute of Limitations could not run against it, is untenable. By its charter it became the owner of the land in fee simple. It was not compelled to include it in its right of way nor to maintain it as such. The cases cited as supporting the position are inapplicable to the case at bar. This is not a question of a right of way through government land, as was the case in the authorities cited.

That Campbell Wakefield acquired title to this strip of land by adverse possession for more than twenty years cannot be denied. This question, and many others presented by this record, have been fully considered and decided in previous cases in which the appellant was a party, and the holdings are adverse to its contention. *Illinois Central Railroad Co.* v. *Houghton,* 126 Ill. 233; *Illinois Central Railroad Co.* v. *O'Connor,* 154 id. 550; *Illinois Central Railroad Co.* v. *Moore,* 160 id. 9; *Donahue* v. *Illinois Central Railroad Co.* 165 id. 640.

It is insisted with much earnestness that the statements of Campbell Wakefield to the effect he did not own the land, though made some ten years after he had acquired title by adverse possession, should operate against the appellee and defeat his right of action. We are unable to give our assent to this position. Conceding that the declarations claimed to have been made were proved as broadly and positively as insisted upon by appellant, we are clearly of the opinion that they cannot be held to divest either the declarant or his heir, the plaintiff below, of title to the premises or the right of possession thereof. The question is not one of estoppel, nor of settling disputed boundary lines, nor whether the premises

were held adversely to the real owner, but simply whether parol declarations of one having title to real estate can be availed of as transferring his title to another. That they cannot, seems to us too clear for argument. Had these declarations been made at any time during the running of the Statute of Limitations they would have been important, as tending to show that Campbell Wakefield held the property, not adversely to the railroad company, but in recognition of its paramount title. But in view of the rights of the parties at the time the declarations are alleged to have been made, we are unable to see upon what principle they can be given the effect of changing or modifying those rights. This view is sustained by *Martin* v. *Barnes*, 45 Mich. 69, and *School District* v. *Benson*, 31 Me. 381.

Upon the authority of our former decisions above cited the merits of this case are clearly with appellee, and no reversible error appears in the proceeding below. The judgment of the circuit court will be affirmed.

*Judgment affirmed.*

Mr. Justice Boggs, dissenting: The statement of Campbell Wakefield which was excluded, if admitted, would have tended to establish that he had never claimed to hold, or had held, adverse possession as against the appellant company. Possession of land, however long continued, will not bar recovery by the owner of the paramount title, unless such possession was adverse and hostile to such owner. (*Stevens* v. *Wait*, 112 Ill. 544.) The admission was not less effective because it was made after the expiration of the term of twenty years, for the reason if the possession was not adverse the time which had elapsed was wholly immaterial.