## THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* STICKLEY.

[No. 18,790. Filed October 9, 1900.]

ADVERSE POSSESSION.—*Claim of Ownership.—Evidence.*—In an action in ejectment the agreed statement of facts showed that M., the owner of certain real estate, conveyed a portion thereof to defendant railroad company, and that a part of such land was fenced in and used by plaintiff and her grantors who had been owners and in possession of an adjoining lot for twenty-five years, through a conveyance thereof from M., and that plaintiff and her grantees, believing that the line of said lot was several feet south of the true line, built a fence which extended the east line of said lot eighteen and one-half feet and the west line thirteen feet onto said strip so conveyed to the railway company, treating and believing the location of said fence to be the true line, and have had that much of said strip so fenced in, and have continuously used and occupied the same for more than twenty years last past next before the commencement of the action, *Held,* that the court was justified in finding that the deed from M. was made twenty-five years before the action was commenced, and that plaintiff and her grantors other than M. built and maintained the fence. *pp. 313, 314.*

SAME.—*Claim of Ownership.—Evidence.*—It was shown in an action in ejectment that plaintiff and her grantors built and maintained a fence on what they believed to be the true line of a lot, which included a strip of land belonging to defendant, and built a house with reference to such fence, and occupied the same for twenty-five years, treating the fence as the true boundary line. *Held,* that the evidence warranted the finding that plaintiff and her grantors claimed to own the land to the fence constructed by them. *pp. 314, 315.*

SAME.—*Railroads.—Highways.*—A railroad is not a public highway in the sense that lands acquired by the company for right of way or station purposes cannot be taken from it by adverse possession. *pp. 315, 316.*

From the Randolph Circuit Court. *Affirmed.*

*N. O. Ross* and *G. E. Ross,* for appellant.

*J. S. Engle* and *W. G. Parry,* for appellee.

BAKER, C. J.—Action by appellee in ejectment. Appellant filed a general denial. The court found generally for

appellee and entered judgment accordingly. Appellant claims that its motion for a new trial should have been sustained on the ground that the finding is not sustained by sufficient evidence.

The case was submitted to the court upon an agreed statement of facts. The statement shows that in 1866 Sylvester Miller conveyed to the railway company certain described land. This land the company intended to use for depot purposes, but has not done so. It adjoins the north side of the right of way. In the year ——, Miller platted a tract next north of the railroad lands. The statement proceeds: "That the plaintiff and her grantors have been the owners and in possession of lot number thirteen in said addition through a conveyance thereof from said Sylvester Miller for twenty-five years; that the south line of said lot thirteen is the north line of said strip so conveyed by said Miller to said railway company; that the plaintiff and her grantors, believing that the line of said lot thirteen was several feet south of the true line, built a fence which extended the east line of said lot eighteen and one-half feet and the west line thirteen feet onto said strip so conveyed to said railway company, treating and believing the location of said fence to be the true line, and have had that much of said strip so fenced in, and have continuously used and occupied the same for more than twenty years last past next before the commencement of the action, receiving the rents and profits therefrom; that (a few days before the filing of the complaint) the railway company tore down and removed the fence so built and maintained by the plaintiff and her grantors on said strip and built a fence on the true line between said lot thirteen and said strip, thus cutting her off from and depriving her of the use and possession of said strip so fenced in, held and used by her and her grantors for twenty-five years."

Appellant's first argument is this in substance. The evidence shows that "the plaintiff and her grantors" have oc-

cupied the parcel in controversy for twenty-five years; Sylvester Miller was one of plaintiff's grantors; the evidence fails to show that plaintiff and her grantors other than Miller occupied the parcel twenty years, the limitation period; Miller was also defendant's grantor; therefore, Miller's occupancy was not adverse to defendant's grant from him, and plaintiff's case was not sustained by the evidence. The premise is untrue that the evidence fails to show that plaintiff and her grantors other than Miller occupied the parcel twenty years. The evidence is that the parcel in controversy was fenced in, held and used as part of lot thirteen for twenty-five years, and that "plaintiff and her grantors" owned and possessed lot number thirteen "through a conveyance thereof from said Sylvester Miller for twenty-five years". The court was justified in believing that Miller's deed was made twenty-five years before this action was commenced, and that plaintiff and her grantors other than Miller built and maintained the fence.

It is next contended that appellee's possession of the parcel in question was not adverse because she and her grantors never claimed to own any land beyond the true line of lot thirteen. If one intends to claim only to the true line wherever that may be, manifestly his actual possession of what he disclaims to own is not adverse. *Silver Creek, etc., Corp. v. Union, etc., Co.*, 138 Ind. 297. In the present case there was evidence to support a finding that appellee was not merely claiming to the fence if it should be found to be properly located, but was claiming the fence itself as the true boundary. For twenty-five years she and her grantors treated this fence as the true line. A part of the agreed statement is a map. This indicates that lot thirteen is used for residence purposes. The house is suitably located if the fence, built and maintained by appellee, is taken as the true boundary. The fence, erected by appellant, touches the southwest corner of the house, is about four feet distant from the southeast corner, is within two

feet of the door in the south side of the house, and cuts off access from the house, through any door now constructed, to the major part of the yard. This evidence warranted the court in believing that the occupants claimed to own the parcel in question. The possession for twenty-five years was continuous, open, peaceable, and under a claim, established by evidence, that the old fence was the true boundary, a claim that appellant acquiesced in until it was too late to object. *Dyer* v. *Eldridge,* 136 Ind. 654; *Palmer* v. *Dosch,* 148 Ind. 10.

Appellant finally insists that land acquired by a railway company for right of way or station purposes can not be taken from it by adverse possession, because a railroad is a public highway, and because the statute forbids interference with the company's exclusive use. A railway company owes certain duties to the public, but it holds and uses its property for the profit of its stockholders. The cases holding that the statute of limitations affords no defense to actions for encroachment upon streets and roads, are inapplicable. A railroad is not a public highway in the sense that it belongs to the people. Railroad officers are not governmental agents whose laches creates no bar. It is true that, for reasons of public policy, a judgment creditor will not be permitted to destroy a railroad by cutting it into parcels on execution sales, if the company resists. *Farmers, etc., Co.* v. *Canada, etc., R. Co.,* 127 Ind. 250, 11 L. R. A. 740. If a company voluntarily disable itself to perform its duties to the public, its charter may be forfeited. But there is no reason why a railway company should not be permitted to dispose of land it does not need in fulfilling its public duties, or why, if it disposes of land it does need, it should not be compelled, if it wishes to avoid a forfeiture of its charter, to reacquire the land by purchase or condemnation. It is true that the statute entitles a railway company to take land in fee and forbids interference with the company's exclusive use. But the right to the exclusive use (which is

an incident to every unqualified ownership) must be asserted. If one occupies adversely for twenty years land owned by a railway company, the statute of limitations should raise the presumption of a grant, for the company holds its lands for private gain as a private proprietor. The State confers the power of eminent domain to enable railway companies to perform efficiently their duties as common carriers. But it is not apparent why the State should be concerned in preventing investors in railway stocks from sustaining loss through the negligence of their agents. *Illinois, etc., R. Co.* v. *Houghton,* 126 Ill. 233, 18 N. E. 301, 1 L. R. A. 213; *Illinois, etc., R. Co.* v. *O'Connor,* 154 Ill. 550, 39 N. E. 563; *Illinois, etc., R. Co.* v. *Moore,* 160 Ill. 9, 43 N. E. 364; *Donahue* v. *Illinois, etc., R. Co.,* 165 Ill. 640, 46 N. E. 714; *Illinois, etc., R. Co.* v. *Wakefield,* 173 Ill. 564, 50 N. E. 1002; *Matthews* v. *Lake Shore, etc., R. Co.,* 110 Mich. 170, 67 N. W. 1111; *Bobbett* v. *South Eastern R. Co.,* L. R. 9 Q. B. Div. 424; *Norton* v. *London, etc., R. Co.,* L. R. 13 Ch. Div. 268; *Erie, etc., R. Co.* v. *Rousseau,* 17 Ont. App. 483.

Judgment affirmed.