## LOGSDON *v.* DINGG.

[No. 5,005. Filed January 7, 1904.]

ADVERSE POSSESSION.—*Findings.*—Whether possession of land is adverse is not properly a conclusion of law but an ultimate fact. *p. 160.*

SAME.—*Mistake.*—*Division Line.*—The fact that one claiming title to a strip of land by adverse possession based his claim upon the mistake of the parties that the line fence built by them represented the true line will not prevent the running of the statute. *p. 160.*

SAME.—*Boundaries.*—*Division Line.*—Where plaintiff held possession of land up to a division fence for thirty-two years, exercising exclusive dominion over it, claiming to be the owner, and that the fence was the true boundary, his possession was adverse. *pp. 160, 161.*

SAME.—*Claim of Ownership.*—Where one holds a disputed strip of land provisionally, or disclaims ownership except to the true line, wherever that may be, his possession beyond the true line is not adverse. *pp. 160, 161.*

SAME.—*Claim of Ownership.*—*Division Line.*—*Fences.*—A finding in a suit to quiet title to a strip of land claimed by adverse possession that plaintiff did not claim to be the owner of any portion of the land beyond the true line must be considered in connection with his further claim that a fence constructed by the owners was on the true line. *p. 161.*

From Clay Circuit Court; *P. O. Colliver,* Judge.

Suit by Lawrence Logsdon against Peter Dingg to quiet title. From a judgment for defendant, plaintiff appeals. *Reversed.*

*S. D. Coffey* and *J. A. McNutt,* for appellant.

*S. M. McGregor* and *G. A. Knight,* for appellee.

Logsdon *v.* Dingg.

Roby, J.—Action by appellant to quiet title to a strip of land hereinafter described. Answer, general denial. Special finding of facts and conclusions of law stated thereon, to which appellant excepted. Motion for new trial overruled, and judgment for appellee.

It is shown by the finding that appellant has been the owner, since 1867, of the northeast quarter of the southeast quarter of section thirty-five, township twelve north, range seven west, in Clay county, and that appellee is the owner of the southeast quarter thereof. · In 1868 Nicholas Miller, the then owner of the northwest quarter of said southeast quarter, and appellant proceeded to ascertain the line dividing said tracts of land. They found a stone which they believed to be a corner stone, and sighted through to a point believed by them to be the other corner, and upon the line so established and agreed upon they built a partition fence, each believing at the time that they were building the fence on the true line dividing the tracts of land, and each intending so to do, and each being mistaken as to the true line, and each thereafter keeping up a part of said fence until 1888. In October, 1889, a controversy having arisen relative to said boundary, an official survey was had, which resulted in locating the same sixteen and one-half feet east of the fence at one end and nine and one-half feet east thereof at the other. Appellant denied the correctness of the survey, and continued to hold possession to the fence, including the strip mentioned, until 1899, cultivating and improving the same continually for more than twenty years, when the county surveyor was called by him and appellee, who holds by mesne conveyance from Nicholas Miller, to resurvey the land, which was accordingly done, resulting in confirming the correctness of the line run in 1889, which is in fact correct. Thereupon appellant expressed himself as satisfied, and stated that he was mistaken as to the true line, and immediately thereafter appellee moved the fence to such line; that the fence was located originally through

Logsdon v. Dingg.

a mistake as to the true line and its location, each party supposing that the fence was built thereon; that appellant claimed to be the owner of the strip in controversy, believing that the fence represented the true line, and that he at no time claimed to be the owner of any portion of the land in dispute west of the true line, wherever the true line might be. The surveys referred to were never appealed from, and are in full force.

As conclusions of law, the court stated that appellant's possession was not adverse, and that appellee should have judgment.

Whether the appellant's possession was hostile or adverse is not a conclusion of law, but an ultimate fact. *Webb v. Rhodes,* 28 Ind. App. 393.

The facts found are as favorable to appellee as the evidence warrants, and if they are insufficient to sustain the judgment it would be useless to retry the cause.

The evident theory of the trial court was that the mistake of the parties as to the boundary line, at the time the fence was built, prevented the running of the statute. In this it was mistaken. It is not necessary that the party claiming to hold adversely show something akin to felonious intent on his own part, and assert that with full knowledge of the truth he formed the intent to deprive the true owner of his land. In the nature of things adverse holding usually originates in a mistake or misunderstanding. The finding shows that appellant held possession up to the fence for thirty-two years, exercising exclusive domain over the strip in dispute, and claiming to be its owner. He claimed that the fence was the true boundary, and his possession was therefore adverse. *Webb v. Rhodes, supra; Pittsburgh, etc., R. Co. v. Stickley,* 155 Ind. 312; *Burr v. Smith,* 152 Ind. 469; *Palmer v. Dosch,* 148 Ind. 10; *Richwine v. Presbyterian Church,* 135 Ind. 80. If the fact was that he held provisionally, or if holding he disclaimed ownership except to the true line, wherever

that might be, then his possession would not be adverse. *Pittsburgh, etc., R. Co.* v. *Stickley, supra; Silver Creek Cement Corp.* v. *Union, etc., Co.*, 138 Ind. 297. "Every possession, then, is adverse, and entitled to the peaceful and benignant operation and protecting safeguard of the statute, which is not in subservience to the title of another, either by a direct acknowledgment of some kind or an open or tacit disavowal of right on the part of the occupant." *Dyer* v. *Eldridge*, 136 Ind. 654, 659. "The claim may have been a mistaken one, but it was not doubtful or uncertain." *Palmer* v. *Dosch, supra*. The surveys made after the expiration of twenty years did not deprive appellant of the title secured by prior possession. *Wood* v. *Kuper*, 150 Ind. 622; *Riggs* v. *Riley*, 113 Ind. 208; *Cleveland* v. *Obenchain*, 107 Ind. 591. The finding that appellant did not claim to be the owner of any portion of the land beyond or west of the true line must be considered in connection with his further claim that the fence was on the true line. *Pittsburgh, etc., R. Co.* v. *Stickley, supra*. Excluding statements of evidentiary character, the finding required the conclusion of law to be for appellant.

Judgment reversed, and cause remanded for further proceedings in accordance herewith.