## Cline *v.* Hays.

[No. 5,424.  Filed November 28, 1905.  Rehearing denied February 14, 1906.]

1. QUIETING TITLE.—*Ownership in Fee Simple.—Failure of Proof.* —Where plaintiff, in a suit to quiet title, alleged a fee-simple title and his proof showed that he held such title except a small undivided interest belonging to an heir of a deceased grantee, there is a failure of proof.  p. 331.

2. SAME.—*Adverse Possession.*—Where defendant has held possession of lands for twenty years claiming such lands to be his own, such possession is adverse and he is the owner of such lands.  p. 331.

From Scott Circuit Court; *Willard New,* Judge.

Suit by Noble J. Hays against Jonathan C. Cline.  From a decree for plaintiff, defendant appeals.  *Reversed.*

*James F. Ervin* and *O. H. Montgomery,* for appellant. *Storen & Hays,* for appellee.

COMSTOCK, J.—The appellant and appellee are now, and have been for more than five years, adjoining landowners

in Scott county, Indiana. They and their grantors, since 1874, have maintained a partition fence on the line dividing the lands occupied by them. In the fall of 1903 a controversy arose between them on account of the condition of the fence. Appellee gave notice that he would apply to the trustee to have appellant's allotment of the fence repaired, and appellant gave notice that he would call upon the county surveyor to run the line and establish the corners. The surveyor made measurements and calculations, and finally concluded that there was a strip of twenty-two links width lying between their lands and upon which the fence stood, leaving a strip on either side of the fence and giving to each more land than his deed called for. Appellee bought this alleged surplus from some of the heirs of the original grantor, and brought this suit for possession of and to quiet title to this alleged surplus strip of land. The issues of fact were joined upon a complaint in five paragraphs, and an answer of general denial to the first two of said paragraphs and a denial and disclaimer in part to the remaining three paragraphs of the complaint. The court made a special finding of facts and rendered judgment thereon in favor of appellee, that the plaintiff, Noble J. Hays, is the owner in fee simple of the land in controversy. The reasons for a new trial are: (1) That the decision of the court is not sustained by the evidence; (2) the decision of the court is contrary to law.

Appellant, in the progress of the trial, took many exceptions to the rulings of the court, and assigned numerous specifications of error; but the only specification discussed is the overruling of his motion for a new trial.

Several of the special findings are without sufficient evidence to support them. It is found that on April 28, 1874, Thaddeus Terrell was the owner in fee simple of the real estate in controversy. The evidence shows that by mesne conveyances appellant and appellee obtained possession of the same. There is no evidence that the immediate

grantees or the parties to this suit entered into possession of the land in question, in recognition of or subservient to the title of Thaddeus Terrell, deceased. On the contrary, the evidence shows that the successive owners believed the fence to be the line, and maintained it jointly as such, and erected cribs, pens, and outbuildings, and cultivated the land up to such line, and this condition extended over a period of more than twenty years. Findings numbered twenty-two and twenty-three are as follows: "(22) That on December 18, 1903, Julia A. Terrell (widow of said Thaddeus Terrell), Newton J. Terrell and others, sole heirs at law of Thaddeus Terrell, deceased, duly conveyed to Tersa Hays the real estate mentioned and described in finding numbered eight, above, for a valuable consideration. (23) That on January 1, 1904, Tersa Hays and Henry T. Hays, her husband, duly conveyed to the plaintiff in this action, Noble J. Hays, the fee-simple title to the real estate described in finding numbered eight, above referred to [being the land in controversy], for a valuable consideration."

A deed from Julia Terrell and another, as a link in the chain of appellee's title, to Tersa Hays, for the land in dispute, was read in evidence by appellee. It recites:

1. "The grantees are the sole heirs of Thaddeus Terrell, except Nora Gray, minor heir of Caroline Gray, deceased." This recital would not be conclusive evidence as to third parties, but, if it be accepted as proof of the facts recited, still it appears upon its face that there was one interest which did not pass by it and the record does not disclose that appellee obtained title to the interest of said minor. We cite no authority in support of the proposition that the appellee must recover, if at all, by the strength of his own title. In addition, appellant held possession

2. up to the fence line more than twenty years, claiming title not in subservience to the title of another, either by a direct acknowledgment or an open denial of

332    APPELLATE COURT OF INDIANA,

Douglas *v.* Indianapolis, etc., Traction Co.—37 Ind. App. 332.

right on his part.   This made his possession adverse.   *Logsdon* v. *Dingg* (1904), 32 Ind. App. 158, and cases cited; *Pittsburgh, etc., R. Co.* v. *Stickley* (1900), 155 Ind. 313; *Burr* v. *Smith* (1899), 152 Ind. 469.

Judgment is reversed, with instructions to sustain appellant's motion for a new trial.