## PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. JELLISON ET AL.

[No. 6,524.  Filed December 16, 1908.]

1. QUIETING TITLE.—*Adverse Possession.*—Where a fence was erected in 1867 and was treated as a boundary line by the owners until 1904, the title of the parties is fixed by adverse possession. p. 628.

2. APPEAL.—*Right Result.*—Where the trial court reached the right result under the evidence, its judgment will not be disturbed. p. 629.

From Jay Circuit Court; *John F. LaFollette*, Judge.

Suit by Matthew Jellison and another against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a decree for plaintiffs, defendant appeals. *Affirmed.*

*George E. Ross*, for appellant.

*J. W. Newton*, for appellees.

ROBY, J.—This is an appeal from a decree quieting appellees' title to real estate. The facts shown, without apparent dispute, are that appellees, in October, 1882, purchased and took possession of lots forty-five, forty-six and forty-seven in Addington's heirs' addition to Ridgeville, Randolph county, Indiana. These lots are bounded on the north by the appellant's railroad. When appellees took possession there was a fence north of said lots, and they have since then claimed this fence as their boundary line. They planted fruit trees near the fence in 1882, which are still standing, and they have exercised dominion over the land ever since. Said fence was erected in 1867, and has been from time to time renewed, marking the boundary from that date until 1904, when appellant company built a new one, fifteen to eighteen feet south of the old one.

The decree quiets title in appellees to the lots named, described by metes and bounds and following the line of the old fence, thereby including the strip in dispute. The evidence is supportive of the finding. *Webb* v. *Rhodes* (1902), 28 Ind. App. 393; *Logsdon* v. *Dingg* (1904), 32 Ind. App. 158; *Rennert* v. *Shirk* (1904), 163 Ind. 542, 551.

The complaint joined paragraphs to quiet title with paragraphs for possession and for damages. The finding is a general one, is within the issue, and is the only one which the court, under the evidence, could make. A right result having been reached, there can be no reversal. §§407, 700 Burns 1908, §§398, 658 R. S. 1881.

Decree affirmed.