THOMAS J. CARROLL, Defendant in Error, *vs.* FREDERICK RABBERMAN, Plaintiff in Error.

*Opinion filed June 16, 1909.*

1. EJECTMENT—*whether possession was adverse or permissive is question of fact.* In an action of ejectment the question whether the possession of the defendant and his grantor was adverse to the plaintiff and his grantor or was permissive is a question of fact for the jury.

2. SAME—*when possession is not adverse.* A land owner who erects a boundary fence knowing it is not on the true line and intending when the true line is established to conform to it, does not hold adverse possession of the portion of the land within his fence but outside of the true line.

3. SAME—*admissibility of possessor's declarations.* If the Statute of Limitations has run in favor of a person in possession of land his title so acquired cannot be divested by his declarations inconsistent with his claim that his possession was adverse; but if the statute has not run in his favor such declarations are competent, but not conclusive, upon the question of the character of his possession.

4. SAME—*no demand is necessary if plea is the general issue.* In ejectment no demand before bringing suit need be proved, where the only plea is the general issue.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding.

C. E. RITCHER, and D. P. BOYLE, for plaintiff in error.

E. B. GLASS, and SPRINGER & BUCKLEY, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was an action of ejectment begun in the circuit court of Madison county in 1898. There have been five trials,—three by jury and two by the court without a jury. Each party has had a new trial under the statute. One verdict was set aside by the trial court and one judgment

was reversed by this court. (207 Ill. 253.) The last trial resulted in a verdict in favor of the plaintiff and a judgment thereon, to reverse which the defendant prosecutes this writ of error.

The parties own adjoining farms and the land in dispute is a strip of about two and a half acres on the line between them, 1617 feet long, 85 feet wide at one end and 50 feet at the other, which is claimed by both,—the plaintiff under the record title, the defendant by twenty years' adverse possession. Rabberman's land lies north of Carroll's, and in 1867 was owned by Alvis Hauskins, while Carroll's land was then owned by James Long. Both tracts were timber land. Hauskins enclosed his land in 1867 with a rail fence, and in so doing included a part of Carroll's. He occupied the land, cleared, cultivated and used it until he conveyed to Rabberman, in 1880, who has since been in possession. The fence was subsequently moved north, was afterward replaced by a wire fence, and was again moved south. There is a wide variance among the witnesses as to the exact location of the various fences which have been built since 1867. There was evidence tending to show that when the first fence was built, Hauskins, not knowing the line, asked Long if he could locate it, and the two worked together for a quarter of a day, but, finding blazed trees forty feet apart on each side of the line, gave up trying to locate it, and Long told Hauskins to put his fence where he pleased and when Long wanted his land he would demand it and Hauskins would remove his fence; that Hauskins then directed the fence to be built upon the openest ground, and it was built a little south of where Long claimed the line to be. Carroll bought the Long tract in 1893, and a survey made in the fall of that year showed the north line to be north of the boundary of Rabberman's possession. There was evidence tending to show that Rabberman assented to this survey and told Carroll to go ahead and put up his fence. Carroll built a fence on the line of

this survey, and in doing so encroached for a part of the way on Rabberman's land. Rabberman afterward cut Carroll's fence down, and then this action was brought.

The question whether the possession of Hauskins and his grantee, Rabberman, was adverse for the period of twenty years or was permissive by the acquiescence of Long was a question of fact, upon which the verdict of the jury upon the evidence contained in this record must be accepted as final. It is, however, insisted that error intervened on the trial in the reception of evidence and the giving and refusing of instructions.

The evidence claimed to have been improperly admitted is testimony as to declarations of Rabberman said to have been made in 1893 and later,—long after the Statute of Limitations had run in his favor, as the plaintiff in error claims,—assenting to the survey of the line and consenting to the erection of the fence by Carroll on the line so surveyed, and also as to changes made by Rabberman in the location of the fence. If Hauskins built the fence knowing it was not on the true line, and intending, when the true line was established, to conform to it, then his possession was not adverse as to that part of the land within his fence and outside of the true line. (*Grim* v. *Murphy,* 110 Ill. 271.) His possession continued until 1880, and if it was not adverse the Statute of Limitations had not run in favor of Rabberman at the time these declarations were said to have been made, as is assumed in the objection to them. It is true that if the statute had run in his favor his title thus acquired could not be divested by his declarations. (*Illinois Central Railroad Co.* v. *Wakefield,* 173 Ill. 564.) Such declarations were, however, under the circumstances of this case, competent evidence, though inconclusive as to whether Rabberman had claimed to hold possession adversely to Long and Carroll.

What has been said in regard to the competency of this evidence also disposes adversely of the objections to the

fourth and fifth instructions given for the plaintiff. The
third instruction informed the jury that possession of the
land for twenty years would not bar a recovery unless the
boundary line was agreed upon or the possession was ad-
verse; the sixth, that to bar a recovery the defendant's
possession must have been for twenty years, adverse, con-
tinuous, actual, visible, exclusive and under claim of own-
ership; the seventh, that if Hauskins was allowed by Long
to take possession of the land and fence it off the true line,
with no agreement to make the fence the boundary but as
a matter of convenience to Hauskins, possession so taken,
no matter how long continued, would not bar the plaintiff's
recovery; the eighth, that if Hauskins built the fence by
permission of Long, the owner of the land, the time such
fence was on the land by the mere permission of Long
could not be included in making out the period of adverse
possession. These are all objected to, but all state correct
rules of law applicable to the case and were properly given.
The ninth instruction informed the jury that the plaintiff
was not required to prove a demand before bringing suit.
The general issue was the only plea, and under the statute
proof of demand was therefore unnecessary. The tenth
instruction stated the effect of the plaintiff's declarations
just as the defendant's fourth instruction stated the effect
of the defendant's declarations. Both were properly given.

The first of defendant's refused instructions was prop-
erly refused because it is based upon the hypothesis that
the defendant recovered a judgment in a forcible entry and
detainer suit. A transcript of such judgment was offered
in evidence but an objection to it was sustained. The sec-
ond of defendant's refused instructions was properly re-
fused because it is based on the hypothesis of twenty years'
possession of the land by Hauskins when the evidence is
undisputed that he had possession only thirteen years. The
third refused instruction was to the effect that the rights
of the parties were to be determined from the facts as they

existed at the beginning of the suit and not at any subsequent date. The jury were fully instructed as to the law governing the rights of the parties, and the record discloses no reason for the giving of this instruction. It could have done defendant no good and its refusal did him no harm.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*