KEITH SMITH, Petitioner-Appellee, *v.* LOUIS MERVIS *et al.*, Respondents-Appellants.

Fourth District   No. 12880

Opinion filed June 3, 1976.

Sebat, Swanson, Banks, Lessen & Garman, of Danville (William L. Townsley, of counsel), for appellants.

Gilbert H. Saikley, of Danville, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal from an order enjoining respondents Mervis and Young from maintaining a recently constructed barrier to certain property over which petitioner Smith claims a prescriptive easement. The disputed parcel runs parallel to what were formerly the Louisville and Nashville Railroad Company tracks and is part of the old right of way. It is a lane 30 feet wide and connects two parcels of Smith's farm property. Smith, or his tenant, has used the strip since 1944 for ingress and egress to and from the second parcel. In 1973, Young and Mervis purchased the right of way from the railroad and subsequently constructed the barrier of which Smith complains.

Respondents-appellants maintain on appeal that a party cannot obtain a prescriptive easement over property owned by a railroad and that, at any rate, Smith failed to prove all the elements necessary to the creation of a prescriptive easement. We disagree on both issues.

■■ Respondents argue that one cannot acquire an easement by prescription on land which consists of a railroad right of way because that land is, in fact, publicly held property. Their contention is clearly erroneous. Illinois cases hold that a party can acquire a title by adverse possession to railroad land. *(Illinois Central R.R. Co. v. Wakefield,* 173 Ill. 564, 50 N.E. 1002.)* If a party can obtain title by adverse possession against a railroad he can acquire the lesser interest of a prescriptive easement. (See dictum in *Heater v. Chicago & Alton R.R. Co.,* 200 Ill. App. 331.) Hence, the same rules concerning prescriptive easements apply to a railroad as apply to any other landowner.

■■ In order to prove his claim of a prescriptive easement, the petitioner was required to show that his use of the land had been adverse, uninterrupted, exclusive, continuous, and under a claim of right for a

period of 20 years. (*Rush v. Collins*, 366 Ill. 307, 8 N.E.2d 659.) Testimony in the case indicated that Smith had used the lane to move farm equipment about 100 times a year for at least 27 years. No evidence indicated that his use was ever interrupted or that anyone other than he or his employees had used the property during that period. Not only did he exercise dominion by use of the property, but he also cleared bushes and shrubbery, improved the lane, and maintained it as a roadway. The undisputed evidence, therefore, indicates that his use was, indeed, uninterrupted, exclusive, continuous, and under claim of right. The only remaining issue is whether his use was adverse.

Two presumptions enter at this juncture to support petitioner's claim on appeal. First, when the use of property has been shown to have been uninterrupted, continuous, and exclusive for a period of 20 years, this proof gives rise to a presumption of adversity. (*Rush.*) In this case, respondent offered no rebuttal evidence to show that the use arose from a license or other revocable or terminable indulgence by the railroad. Secondly, the question of whether a prescriptive easement has been acquired is one of fact (*Rush*), and so also, more specifically, is the question of adverse or permissive use. (*Carroll v. Rabberman*, 240 Ill. 450, 88 N.E. 995.) This court cannot reverse findings of fact unless they are against the manifest weight of the evidence.

■■ ■ In support of their contention that a finding of adversity is against the manifest weight of the evidence, respondents argue that petitioner did not prove notice. In order to acquire an easement by prescription, the claimant of such an easement must have used the land with the knowledge of, and acquiescence by, the owner of the land. (*Bontz v. Stear*, 285 Ill. 599, 121 N.E. 176.) In other words, notice is essential to a finding of adversity. The record in this case shows that train crewmen and section hands were the only railroad personnel with any actual knowledge that the petitioner was using the land. Although declarations of a claim of right to a section foreman do not themselves constitute notice to the company of such a right (*Chicago Burlington & Quincy R.R. Co. v. Hammond*, 210 Ill. 187, 71 N.E. 576), we believe the railroad here received more than sufficient constructive notice by reason of the long, obvious, continuous use of the lane and the improvements made thereon, quite apart from any actual notice it may or may not have received through the crewmen.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.