Filed Feb. 14, 1885.

---

No. 11,074.

## HUNTER ET AL. *v.* EICHEL ET AL.

TOWN PLAT.—*Location.*—*Evidence.*—An explanatory note upon a town plat, which is inconsistent with all other things which appear by the plat, including courses and distances marked thereon, will not be held to control the other facts thus appearing when a question of the location of a lot is in dispute.

SURVEY.—*Effect as Evidence.*—A survey by the county surveyor, made as provided by statute, conclusively binds the parties thereto unless an appeal be taken.

From the Vanderburgh Circuit Court.

*C. Denby, D. B. Kumler* and *R. A. Hill,* for appellants.

*A. Gilchrist, C. H. Butterfield, R. D. Richardson* and *J. T. Walker,* for appellees.

BEST, C.—The appellee Laura Eichel brought this action against the appellants to quiet her title to a certain parcel of ground described as lot seven (7), in Lilleston and Larabee's addition to the city of Evansville.

Issues were formed, a trial had, finding made and judgment rendered for the appellee. A motion for a new trial, on the ground that the finding was not sustained by the evi-

dence, and that the court improperly excluded certain testimony, was overruled, and this ruling is assigned as error.

On the 25th day of April, 1842, Samuel G. Lilleston, Huntington Larabee and Willard Carpenter owned about an acre of land in a square form immediately north and abutting upon the north terminus of Main street, in the city of Evansville. This land was divided by the Princeton road which commenced at the north terminus of Main street, distant from the southwest corner of said land about eighty feet, and runs in a northeast direction, its course being nineteen and one-half degrees east of north. The land on the west side of this road was platted into fourteen lots, numbered from one to fourteen inclusive, beginning at the north, and this division was designated as Lilleston and Larabee's addition to the city of Evansville. The north and south lines of these lots, as they appear upon the plat, are at right angles with the road, and the east end of the north line of lot fourteen is at the south line of said land. The east end of this lot, as thus marked, has no frontage, but simply forms a point on the road. The width of the rear end of this lot is twenty-three feet three inches and the north line is eighty three feet and eight inches in length. The south line of lot one forms an acute angle with the north line of said land, and the front of said lot is forty-six feet and six inches in width. The plat contains this explanatory statement: "All the lots except No. 1 are twenty-five feet front."

The appellee has an undisputed title to lot seven (7), and the appellant Robert H. Hunter a like title to lot eight (8). The real dispute is whether the ground in controversy is lot seven or lot eight, and this turns upon the question whether lot fourteen has a frontage of twenty-five feet upon the Princeton road. If it has, all the other lots except lot one are twenty-five feet north of where they appear to be, and the lot marked seven is really lot eight. If lot fourteen has no frontage upon the Princeton road, the lot in dispute is lot seven and belongs to the appellee.

The solution of this question depends upon the proper construction of the plat. The appellants contend that the explanatory note controls; while the appellee contends that the plat controls, and we think the appellee is correct. The shape of lot fourteen upon the map, the point where its north line is marked, the length of such line, the width of the rear end, and the size and front of lot one, are utterly inconsistent with the notion that lot fourteen has a frontage of twenty-five feet upon the Princeton road. If it has such frontage, a mistake was made in placing the lines of all the lots twenty-five feet south of where they should have been placed, a mistake was made as to the width of the rear end of lot fourteen, a like mistake was made as to the front of lot one, and a mistake was made in dividing lot fourteen into parcels, and renumbering them lots thirteen and fourteen, as well as in renumbering all the other lots except one. A construction that contradicts so many explicit and consistent parts of this plat should not be adopted unless the language of the explanatory note imperatively requires it. This note does not. Its language is, "All the lots except No. 1 are twenty-five feet front." This language, it is true, is broad enough to embrace lot fourteen, but as it can not do this without conflicting with a half dozen other portions of the plat, and as lot fourteen is not mentioned, the language must be deemed to apply to all lots fronting on the Princeton road.

In addition to this view of the case, we think the evidence established the fact that this addition had been surveyed by the county surveyor in 1864, and that the northeast corner of lot fourteen was then established on the south line of said land in accordance with the plat. As the appellant was a party to that survey, and the same remains in force, he is conclusively bound by it. *Herbst* v. *Smith,* 74 Ind. 44; *Grover* v. *Paddock,* 84 Ind. 244.

It is further insisted that the court erred in refusing to allow the appellants to prove that lot fourteen had always been

conveyed by its number, and that the original proprietors and their grantees, down to and including the present owner, had always occupied a strip of ground as lot fourteen, having a frontage of twenty-five feet on the Princeton road. The fact that the lot had always been conveyed by its number had no tendency whatever to show its width, and the record fails to show that the appellants offered to prove that it had been occupied as claimed. There was, therefore, no error in this ruling.

For these reasons we think the motion for a new trial was properly overruled, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered that the judgment be and it is hereby affirmed, at the appellants' costs.

Filed Feb. 20, 1885.