Filed Oct. 9, 1886.

———◇———

No. 12,681.

## CLEVELAND v. OBENCHAIN.

SURVEY.—*Appeal from Survey Fixing Boundary Lines.*—*Parol Evidence.*—On an appeal from a survey fixing boundary lines, made by the county surveyor or the surveyor appointed by the court, parol evidence may be heard for the purpose of ascertaining the true lines, however acquired.

EVIDENCE.—*Decree Construing Deed.*—A decree which construes a deed forming one of the links in a party's title, is competent evidence, even though it may not be conclusive as against strangers.

Cleveland v. Obenchain.

REAL ESTATE.—*Deed.—Description.—Highway.—Boundary.*—Where land is described as bounded by an existing road or street, it is to be construed as referring to one actually opened and in use by the public.

SAME.—Where a road has been opened and used for a long period of time, a vendee, who buys land described as bounded upon it, can not be affected by the fact that it was not laid out according to the original order.

HIGHWAY.—*User.—Dedication.—Evidence.*—It is competent to prove the length of time a road has been laid out and used by the public, as user under color or claim of right will establish a dedication.

NOTICE.—*Appearance.—Waiver.*—Where there is an appearance without objection, or where there is any act indicating consent, want of notice will be deemed waived.

From the Whitley Circuit Court.

*T. R. Marshall, W. F. McNagny* and *J. W. Adair,* for appellant.

*M. Sickafoose* and *J. S. Collins,* for appellee.

ELLIOTT, J.—This case is in this court for the second time. *Cleveland* v. *Obenchain,* 89 Ind. 274. It was sent back to the trial court, and after it reached there a trial was had resulting in favor of the appellee.

The first question is this: Is it proper for the court, on an appeal from a survey made by the county surveyor, or the surveyor appointed by the court, to hear parol evidence? This question is answered in the affirmative by the decision in *Wingler* v. *Simpson,* 93 Ind. 201, for the principle there asserted rules here. It is a familiar doctrine that parties by acquiescing in boundary lines for twenty years, or by conduct fixing such lines, may be estopped from averring that they are not the true lines. *Brown* v. *Anderson,* 90 Ind. 93; *Main* v. *Killinger,* 90 Ind. 165; *Pitcher* v. *Dove,* 99 Ind. 175. As boundaries may be fixed by possession and by estoppel, it is proper to introduce evidence tending to prove possession for the statutory period, or to prove possession for a shorter period, conjoined with facts constituting an estoppel. It would be a useless waste of time and an unjust burden upon the public to try a case on appeal from a survey solely upon recitals and

statements in deeds and records. Parol evidence is often necessary to enable the court or surveyor to ascertain the true boundaries. The object of such a trial is to ascertain and establish the true boundary, and to effect this object it is proper to give evidence tending to prove what the parties have said and done touching the boundary lines.

A land-owner who submits to a survey does not by so doing lose any of his land. In submitting to a survey he does not surrender any valid title that he may have, no matter how it may have been acquired. In not objecting to a survey he does not put himself in the position of surrendering his land, or any part of it. The object of the statute, in permitting the parties to try the correctness of the survey, was not to confine either to a mere paper title, but to permit them to establish the true title and boundary lines, howsoever acquired or fixed. It would produce great confusion and work much injustice if parties could only try the correctness of a survey by the descriptions found in the conveyances. It is a familiar rule that it is not the office of a description to identify lands, but simply to furnish the means of identification. *Rucker* v. *Steelman*, 73 Ind. 396; *Lanman* v. *Crooker*, 97 Ind. 163 (49 Am. R. 437). Parol evidence is, therefore, often necessary to make descriptions intelligible.

There was no error in admitting in evidence the record of the injunction suit to which the appellant was a party. The decree in that case gave a construction to a deed forming a link in the appellant's chain of title, and also tended to prove the boundary lines of his land. Where a decree gives construction to a deed forming one of the links in a party's title, it is competent evidence, even though the decree may not be conclusive as against strangers.

Where land is described as bounded by an existing road or street, it is to be construed as referring to one actually opened and in use by the public. 3 Washb. Real Prop. (3d ed.) 360. Where a road has been opened and used for a long

period of time, a vendee who buys property described as bounded upon it can not be affected by the fact that it was not laid out according to the original order.

It is competent to prove the length of time a road has been laid out and used by the public. User, under color or claim of right, will establish a dedication as effectually as an express grant. *Strong* v. *Makeever,* 102 Ind. 578.

It is contended that the court erred in its judgment, because it does not appear that the appellant had notice of the re-survey.

We think there was a waiver of notice. It is well set-tled that where there is an appearance, without objection, or, indeed, where there is any act indicating consent, want of notice will be deemed waived. *Sunier* v. *Miller,* 105 Ind. 393, and cases cited.

Judgment affirmed.

Filed Oct. 12, 1886.