Horton *v.* Brown.

Filed Dec. 18, 1891.

---

No. 15,377.

## HORTON *v.* BROWN.

BOUNDARIES.—*Settlement of by Agreement After Survey Made.—Evidence of on Appeal.*—If the parties affected, after a survey is made, and during the time they have the right to appeal therefrom, mutually agree on a line between their properties, and yield possession of land to which they claim title to each other, and set posts and move their fence to the agreed line, they thereafter are estopped to deny that the agreed line was the boundary line; and on appeal from such survey such agreement may be given in evidence as a complete defence.

PRACTICE.—*Irrelevant Cross-Examination Showing Defence without Objection.— Witness Recalled and Objection Interposed for First Time.*—If a plaintiff permits, without objection, a defendant to go into his defence on cross-examination of the former's witness, he can not thereafter object when such witness is recalled and additional questions relating to such defence are propounded to him. It is then too late to object.

VOL. 130.—8

From the Switzerland Circuit Court.

*J. T. Ellis* and *F. M. Griffith*, for appellant.

*W. D. Ward* and *J. A. Van Osdal*, for appellee.

MILLER, J.—This was an appeal by the appellant from a survey to the circuit court. In that court an answer and cross-complaint were filed by the appellee, but subsequently the same were, on motion of the appellant, struck out. A trial before a jury resulted in a verdict and judgment for the appellee.

The questions we are called upon to consider are raised by the rulings of the court in admitting evidence, over the objections of the appellant, and in giving certain charges to the jury, and refusing to give others relating to the same questions of law ruled upon in the admission of evidence.

The parties were, respectively, the owners of several adjoining tracts of land bounded by the line, a portion of which is in dispute. By mutual agreement a survey to establish the boundary line was made by the county surveyor, both parties being present and assisting in making it. This appeal was taken nearly three years after the making of the survey.

The dispute on the trial as to the correctness of the survey appealed from was with reference to that portion of the line between two forty-acre tracts of land, being the north end of the line surveyed.

The evidence shows that the land along this line is very rough and hilly, and that no two of the several surveys made of the disputed lines are in exact agreement.

On the trial of the cause the court, over the objection of the appellant, permitted the defendant to show that after the making of the survey appealed from the parties were dissatisfied with the line marked out, and called in three of their neighbors to assist them in establishing an agreed boundary line; that a line on the south end of the surveyed line was staked off by the appellant, which gave to the appellant a

portion of the land claimed by the appellee ; that it was then agreed by both parties that each one was to hold the land on his side of the new line, thus marked out, and that this should settle all disputes between them as to their boundary lines; that afterwards the appellant took possession of the land given him by the new boundary line, and continued to hold the same at the time of the trial, the parties having set posts and moved their fences to the agreed line.

The appellant objected to the introduction of this evidence :

1st. Because the plaintiff, by his attorney, had stated, in open court, in the presence of the jury, that the only line in controversy was the north end of the line, between the two forty-acre tracts, and that he was making no claim to any part of the line south of these tracts ; and that the evidence offered related solely to a settlement of the line south of them, and in no way tended to establish the correctness of the line in dispute.

2d. That the evidence was wholly irrelevant and immaterial.

No objection seems to have been made to the evidence on account of the absence of any pleading setting up the matter proposed to be proven, and this may be accounted for by the fact that such pleadings had been, on motion of the appellant, stricken from the files of the court.

The appellant contends that the only question for trial was the correctness of the survey appealed from, and that questions of ownership, possession, or agreements concerning the disputed boundaries are foreign to the issues.

We think this comes within the reason of the rule laid down in *Wingler* v. *Simpson*, 93 Ind. 201, where it was held that evidence of occupancy under a claim of title, for more than twenty years to a line, different from that fixed by the survey, was admissible. In that case the claim was made that such evidence would be proper in actions in ejectment or to quiet title, but not on appeal from a survey. The court says :

" There can be no good reason for establishing a survey that is immediately liable to be set aside by an action in ejectment or a suit to quiet title." This case was cited and approved in *Cleveland* v. *Obenchain,* 107 Ind. 591.

If, as claimed by the appellee, the parties during the time in which they had the right to appeal from the survey adjusted their disputes concerning their boundaries and mutually yielded the possession of land to which they claimed title to the other, and set posts and moved their fences to the agreed line, they were thereafter forever estopped to deny that this was the true boundary line. *Cleveland* v. *Obenchain, supra ; Pitcher* v. *Dove,* 99 Ind. 175 ; *Hills* v. *Ludwig,* 46 Ohio St. 373 ; *Bobo* v. *Richmond,* 25 Ohio St. 115 ; *Walker* v. *Devlin,* 2 Ohio St. 593 ; *Gwynn* v. *Schwartz* (W. Va.), 9 S. E. Rep. 880; *Silvarer* v. *Hansen,* 77 Cal. 579 ; *Atchison* v. *Pease,* 96 Mo. 566 ; *Schad* v. *Sharp,* 95 Mo. 573.

If such boundary line was fixed by an arrangement that bound the parties, no good reason can be given why they should thereafter, in any manner, test the correctness of a survey that had been superseded by an agreed line.

It is of more importance that adjoining proprietors should summarily adjust questions of disputed boundaries, than that rigid rules of practice and pleading on appeal from surveys should be adhered to.

The evidence was not objectionable on account of want of relevancy to that portion of the line, the correctness of which the appellant disputed. The settlement, if the evidence of the appellee is true, embraced the whole line, including that in dispute, and it was therefore material.

Some objections are made to a portion of the cross-examination of the appellant, on the ground that it related to matters about which he had not been examined in chief. We find that the witness, in his original cross-examination, went into the matters complained of without any objection being made to his testimony ; toward the close of the plaintiff's evidence he was recalled and examined a second time in his

own behalf, when the defendant propounded some additional questions to him, when objection was made to the evidence.

This came too late. If the appellant did not desire the defendant to go into his part of the case on cross-examination, he should have made his objections at the outset.

We are also of the opinion that the witness in his direct examination went sufficiently into the case to lay a foundation for the cross-examination.

The objections to the charges given, and to those refused, related to the matters that have been discussed, and embraced the same propositions of law involved in the rulings in the admission of evidence.

The evidence was sharply conflicting upon most of the material facts involved in the controversy, including the nature of the agreement entered into by the parties at the time they met to adjust the disputes between them with reference to the disputed boundary. The court submitted this question fully and fairly to the jury, and we can not disturb their finding.

The judgment is affirmed.

Filed Dec. 19, 1891.