Sinn v. King.

Filed April 20, 1892.

———◆———

No. 15,702.

SINN v. KING.

SURVEY.—*Boundary Lines.*—*Evidence of.*—*Statute Construed.* A survey made under the provisions of section 5955, R. S. 1881, is, during the period of three years thereafter, *prima facie* evidence of the corners and lines established thereby, and after that time, no appeal having been taken, it becomes conclusive evidence of the same.

EVIDENCE.—*Conflict of.*—See opinion.

From the Brown Circuit Court.

*W. C. Duncan,* for appellant.

*F. T. Hord, M. D. Emig, R. L. Coffey* and *N. H. Franklin,* for appellee.

MILLER, J.—This is a contest over a disputed boundary line, and involves the title to 16¾ acres of land.

The case is before us on the weight of evidence, all other questions being waived by the failure of counsel for appellant to discuss them in his brief.

The quarter section of land, which includes the disputed territory, contains some sixty-seven acres in excess of the required number, and each of the parties claims a portion of this excess. The appellant insists that this excess should be apportioned to each subdivision of the quarter section; the appellee that the excess should go to the northern and exterior tier of lots.

It seems that no subdivisional survey of this quarter section was made until the year 1883, when the corners were established by the county surveyor, at the instance of the appellant. This survey not having been appealed from, it was during the period of three years as between the parties to such survey, and all persons claiming under them, *prima facie*, and after that time conclusive, evidence of the true location of such dividing line, so far as that could be determined by a survey. Section 5955, R. S. 1881; *Herbst* v. *Smith*, 71 Ind. 44; *Riggs* v. *Riley*, 113 Ind. 208.

The appellant insists that this survey does not affect the title acquired by twenty years' adverse possession of the land in dispute, by himself and those under whom he claims title.

Without discussing, or deciding, the legal question involved, it is sufficient to say that the land in dispute was wild and unfenced, and that the fact of such adverse possession was disputed by the appellee, and the finding of the court upon that point can not, at this time and place, be successfully controverted.

The appellant also contends that after the survey was made, and during the three years allowed him for appeal, the surveyor who made the survey dotted on the plat of the survey the line claimed by the appellant, and gave him a

statement in writing of the width, in rods, of the disputed strip of land; that the appellant went to the appellee and they cut a grape-vine, supposed to be a rod long, and with it measured off and divided the excess of land; that in pursuance of this agreement and grape-vine measurement, the appellant took possession of his portion of the land and waived his right of appeal. We have recently held that such an agreement with reference to a disputed boundary was founded upon a sufficient consideration, and enforceable. *Horton* v. *Brown*, 130 Ind. 113.

The appellee, while admitting this measurement, denies that it was to settle the dispute as to the boundary line, but simply to ascertain if some trees about to be cut were in the disputed territory. The evidence upon this question was conflicting, and we can not interfere with the conclusion arrived at by the trial court.

Judgment affirmed.

Filed April 20, 1892.