## SPACY v. EVANS.

[No. 18,042.   Filed Jan. 13, 1899.   Rehearing denied April 7, 1899.]

TRESPASS.—*License to Cut Standing Trees.—Death of Licensor.— Revocation.*—Standing trees may be the subject of sale by parol, so as to give the purchaser a license to go upon the land to cut and remove them, but the death of licensor before the license is executed effects a revocation of such license.   *p. 432.*

BOUNDARIES.—*Surveys.—Estoppel.*—The owner of land who causes a survey to be made according to law, or consents thereto, loses none of his rights by such survey, and is not estopped from claiming title to his land, notwithstanding such survey remains unappealed from; as an official survey is *prima facie* evidence in favor of the corners so established and the lines so run, and nothing more. *pp. 433, 434.*

From the Warren Circuit Court.   *Affirmed.*

*Edwin F. McCabe,* for appellant.

*C. V. McAdams,* for appellee.

Dowling, J.—This is an action by the appellee against the appellant for a trespass by appellant in wrongfully entering upon the lands of the appellee, as alleged, and cutting down, and removing therefrom a growing hedge. Answer in denial, and a special plea stating, in substance, that the land on which the hedge stood belonged to the mother of the appellee; that appellant purchased the hedge from her; that upon her death the appellee inherited said lands, and had knowledge of such purchase, but had not forbidden appellant to remove such hedge.

A demurrer to this paragraph was sustained, and this decision presents the first question for review.

Standing trees may be the subject of a sale by parol, so as to give the purchaser a license to go upon the land to cut and remove them. 1 Ld. Raymond 182; *Owens* v. *Lewis,* 46 Ind. 488; *Armstrong* v. *Lawson,* 73 Ind. 498; *Cool* v. *Peters Box, etc., Co.,* 87 Ind. 531; see, also, note to *Kingsley* v. *Hornbrook,* 86 Am. Dec. 182. But the death of the licensor before the license is executed effects a revocation of such license. *Hunt* v. *Rousmanier's Adm.,* 8 Wheat. 173; *DeHaro* v. *United States,* 5 Wall. 599; 5 Lawson's Rights and Remedies, section 2674; *Carter* v. *Page,* 4 Ired. (N. C.) 424.

The case of *Rogers* v. *Cox,* 96 Ind. 157, to which we are referred by counsel for appellant, does not touch the question as to the effect of the death of the licensor, or owner of the land, before the license has been executed. The appellant had purchased from the appellee a building, whether temporary or of permanent character does not appear, situated on appellee's land. Appellant entered on the land for the purpose of removing the building. Both the parties to the license were living. In an action for trespass, it was held that these facts were sufficient to constitute a defense.

We think the demurrer to the third answer was properly sustained.

The remaining error assigned is the overruling of appellant's motion for a new trial.   The grounds of that motion are, that the finding of the court is contrary to law, and that it is not sustained by sufficient evidence.

The real question involved is the ownership of a narrow strip of land, near the dividing line between sections eleven and fourteen.   The hedge alleged to have been wrongfully cut down by appellant, was on this strip.   There was evidence, more or less satisfactory, of four different surveys, the object of which was to establish the corners, and relocate the line between sections eleven and fourteen.   The correctness of the first, known as the Webb survey, made upon proper notice, in 1871, is not seriously questioned.   The subsequent surveys made by Smith in 1881, and by Taylor in 1885, appear to have been informal, and afford little aid in determining the location of the original line.   In 1896 a fourth survey was made by one Gemmer, at the instance of appellee, and after notice to appellant.   By this survey it appeared that the hedge was upon the lands of appellant.

Appellant contends, that because appellee procured this survey to be made, he is conclusively bound by it, and hence, that the finding of the court is contrary to law.

We do not so interpret the statute.   The owner of land who causes a survey to be made agreeably to the provisions of the statute, or who consents to a survey, loses none of his rights by such proceeding or consent.   The fact that he has caused a survey to be made, or has consented to one, does not estop him from claiming title to his land notwithstanding such survey remains unappealed from.   By such survey he is deprived of no right of action or defense arising from possession, or any other source of title.   An official survey is, as the statute declares, *prima facie* evidence in favor of the corners so established, and the lines so run, and nothing more.

Its legal effect is merely to furnish one species of evidence, which may or may not be material, in the determination of a question of title, and which may be entirely controlled and overcome by evidence of another kind, such as proof of adverse possession under claim of title for twenty years, a valid agreement with the adjoining owner for a different line, and the like. *Herbst* v. *Smith,* 71 Ind. 44; *Wingler* v. *Simpson,* 93 Ind. 201; *Riggs* v. *Riley,* 113 Ind. 208; *Cleveland* v. *Obenchain,* 107 Ind. 591; *Russell* v. *Senior,* 118 Ind. 520; *Wood* v. *Kuper,* 150 Ind. 622; *Williams* v. *Atkinson, ante,* 98.

This question being disposed of, the application for a new trial stands entirely upon the ground that the finding is not sustained by sufficient evidence.

A great deal of evidence pertinent to the issues was given on both sides. The rule which governs this court will not permit us to weigh it.

We find no error in the decision of the trial court overruling the motion for a new trial. Judgment affirmed.