## FATIC *v.* MYER.

[No. 20,407. Filed October 26, 1904.]

ADVERSE POSSESSION.—*Instruction.*—Where, in an action for trespass, the plaintiff claiming title by adverse possession, an instruction is given that if the plaintiff and his predecessors in interest had occupied such lands for twenty years prior to the alleged trespass, and such occupancy was open, notorious, visible, adverse, and under claim of right for such length of time, such instruction is sufficient to show that such possession must have been "continuous." *p. 402.*

SAME.—*Subsequent Survey by Agreement.*—*Effect of on Title.*—Where plaintiff has held title by adverse possession for more than twenty years, a subsequent survey made by his agreement will not have the effect of divesting his title. *pp. 402, 403.*

From Henry Circuit Court; *John M. Morris,* Judge.

Action by Henry Fatic against Isaac Myer for damages for trespass in cutting a locust tree. From a judgment on a verdict for $17, the defendant appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Affirmed.*

*M. E. Forkner* and *G. D. Forkner,* for appellant.
*W. A. Brown* and *F. C. Gause,* for appellee.

DOWLING, J.—This is an action for a trespass upon land alleged to belong to the plaintiff, and the cutting of a tree growing thereon. It was commenced before a justice of the peace. The answer consisted of a denial, and a second paragraph setting up title in the defendant. The title to land being in issue, the cause was certified by the justice to the circuit court under §1501 Burns 1901. A trial by a jury resulted in a verdict and judgment for the plaintiff. The only decision complained of is the overruling of a

motion for a new trial. The reason assigned for a new trial was the supposed error of the court in giving instructions numbered ten and ten and one-half.

By the tenth instruction the jury were told that if they found that a public highway was located on and across the lands of either of the parties, and had been so located and used for more than twenty years, and that if the plaintiff and his predecessors in interest had occupied and used the lands immediately south of and up to the south line of such highway for the full period of twenty years prior to the alleged trespass, and that if such occupancy had been open, notorious, visible, adverse, and under claim of right "for such length of time," then the plaintiff's title to the lands would extend to the centre of the highway. The objection to this instruction pointed out in the brief of counsel for appellant is that it failed to tell the jury that such possession and occupancy must have been continuous. It is true that where title to land is founded upon an adverse possession and claim of title, such possession and claim must have been continuous, and not interrupted. We think, however, that if the possession of the appellee of the land in question, and his claim to the same, were shown to have been "open, notorious, visible, adverse, and under claim of right for such length of time"—*i. e.,* twenty years—they must have been continuous. The phrase used by the court excluded the idea of an interrupted or intermittent possession and claim of title as plainly as if it had been stated that such possession and claim must have been continuous.

Instruction numbered ten and one-half is objected to because it informed the jury that if the plaintiff had acquired a good title to the land in controversy by adverse possession under a claim of title for more than twenty years, a subsequent survey, made for the purpose of finding the true south line of the land, upon the consent and agreement of the plaintiff that the survey should be made, would

not affect his title to the said land. This statement of the law is in accordance with all the decisions of this court upon the subject of the legal effect of surveys made under such circumstances. *Palmer* v. *Dosch* (1897), 148 Ind. 10; *Wood* v. *Kuper* (1898), 150 Ind. 622; *Williams* v. *Atkinson* (1899), 152 Ind. 98; *Spacy* v. *Evans* (1899), 152 Ind. 431.

We find no error in the record. Judgment affirmed.