# WILSON *v* POWELL.

[No. 5,425.   Filed October 13, 1905.   Rehearing denied December 5, 1905.   Transfer denied January 2, 1906.]

1. EVIDENCE.—*Surveys.—Records.—Field Books.—Boundaries.*— The record of a public survey is *prima facie* evidence of the lines run and corners established for three years after such survey (§8030 Burns 1901, §5955 R. S. 1881), and, if unappealed from, is conclusive evidence thereof after such time, and the fact that the records of such survey were kept in the field book and not in the surveyor's record does not destroy the force thereof. p. 46.

2. BOUNDARIES.—*Subsequent Surveys.—Use of.*—A subsequent survey can be had only to ascertain the lines and corners established by the former survey.   **p. 47.**

3. BOUNDARIES.—*Subsequent Surveys.*—*Title.*—Where a division line was agreed upon in 1879, and in 1892, by agreement, the lands were surveyed and the line and corners established, the plaintiff can not, by giving notice and causing another survey, establish a different boundary line and corners and maintain title up to such new line.   p. 47.

4. SAME.—*Surveyors.*—*Duties.*—*Title.*—It is the duty of a surveyor to ascertain lines and corners, and a survey can not have the effect of changing title.   p. 48.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Survey by Winfield Powell. From a judgment of the circuit court sustaining such survey, Martha A. Wilson appeals. *Reversed.*

*James E. McCullough* and *William C. Welborn,* for appellant.

*Robert L. Mason, U. S. Jackson* and *Marsh & Cook,* for appellee.

ROBY, J.—Appeal by Martha A. Wilson to the Hancock Circuit Court from a survey made by the county surveyor of said county. The trial court made a special finding of facts and stated its conclusions of law thereon, to each of which an exception was reserved by the appellant. Judgment was rendered in accordance with the conclusions sustaining the correctness of the survey appealed from and confirming the same. It is conceded that the facts were correctly found. They are to the effect that the parties were in 1876 the owners, as tenants in common, of 100 acres of land in Hancock county, which was then partitioned between them, a proceeding for that purpose having been instituted in the circuit court. Commissioners set off to appellant her portion of said land by the following description: "Commencing at the southeast corner of the southwest quarter of said section, thence north along the middle dividing line 110 rods, thence west 80 rods, thence south along the line parallel with said middle dividing line, 110 rods, to the section line on the south of said section, thence east on said line to the place of beginning." The

north line of the land thus described became the partition line between said lands. In 1879, with the assistance of two of the commissioners to partition, the boundary was determined and a fence built upon it by the parties. In 1892, appellee requested appellant to agree to a survey of their said lands for the purpose of determining the true line between them. The appellant agreed thereto, and the county surveyor surveyed said lands in the presence of both of said parties and located the corners thereof, placing stones at the east and west ends of the division line, as located by him, according to the description heretofore set out. Said corner-stones have since remained unchanged. The corner-stone on the west side of appellant's line was placed 111 rods 25½ links north of the southwest corner thereof, and the one on the east side 110 rods 25½ links north of the southeast corner of said land. Parties at once moved the fence to the line thus surveyed, and no appeal was ever taken from such survey, and such line was recognized as the correct one until shortly before the survey from which this appeal is taken. On February 23, 1903, appellee served a written notice upon appellant, pursuant to which the surveyor of said county made a survey of said lands and fixed the east and west ends of the boundary line in dispute 110.875 rods north of the south line of appellant's land.

The determination of the appeal then depends upon the effect of the survey had in 1892. A record of this survey was made in a small book, designated as a "field 1. book," kept in the surveyor's office, but was not put in the "surveyor's record." It is not contended that such survey was not a valid, official survey, but the conclusions are supported by the contention that, as a matter of law, it is but *prima facie* evidence whether appealed from or not. The statute provides that the owner of land, who desires "to establish, relocate or perpetuate any corner thereof, or in the same section or line thereof," may

have the same surveyed and located. §8024 Burns 1901, §5950 R. S. 1881. It is further provided (§8030 Burns 1901, §5955 R. S. 1881) that "the survey of such surveyor shall be *prima facie* evidence in favor of the corners so established and the lines so run; but an appeal may be taken to the circuit court, within three years, and such court may reverse such survey." It has been uniformly held that an official survey is, in accordance with the terms of said statute, *prima facie* correct during the three years within which an appeal may be taken, and, if not appealed from, it is after that time conclusive upon the owners of the land. *Mull* v. *Orme* (1879), 67 Ind. 95; *Herbst* v. *Smith* (1880), 71 Ind. 44; *Grover* v. *Paddock* (1882), 84 Ind. 244; *Hunter* v. *Eichel* (1885), 100 Ind. 463; *Waltman* v. *Rund* (1887), 109 Ind. 366; *Sinn* v. *King* (1892), 131 Ind. 183.

A subsequent survey can not be had to determine the lines and corners previously established, independently of the former survey, but only for the purpose of ascertaining the lines and corners as previously fixed. *Herbst* v. *Smith, supra.* These propositions apply to the facts found, and are inconsistent with the conclusions stated. This is regretable, in that the surveyor, acting in 1892, did not establish the line and corners as should have been done.

If the survey by the county surveyor, made in accordance with the terms of the statute, is ever to be regarded as conclusive, it must be so regarded in this case. The declaration that after three years such a survey becomes conclusive, has been so often made, and conforms so clearly with legislative intent, as to foreclose discussion. That there should be any uncertainty on the subject is due to language used by the courts in a different class of cases, which, disassociated from the facts under consideration, carry a different meaning from that intended.

The vocation of a surveyor is limited to the ascertainment of definite lines. He may ascertain where the lines and corners specified in the description of the given

4. tract of real estate actually are. He does not have power to determine what the terms of such description ought to be.

Where the line lies and where its corners are are questions which the surveyor, on account of his superior facilities for so doing, may be called upon officially to determine. What the lines and corners are is a matter of law, which courts alone can declare. *Ayres* v. *Huddleston* (1903), 30 Ind. App. 242. In instances where the party in possession has held beyond the lines specified in his deed until such possession has ripened into title, it has uniformly been held that a survey does not operate to deprive him of the title thus acquired. *Logsdon* v. *Dingg* (1904), 32 Ind. App. 158; *Webb* v. *Rhodes* (1902), 28 Ind. App. 393. No question of prescriptive title arises in the case at bar. The facts found also differentiate it from those in which parties estopped themselves by their acts from asserting the true line. *Gullet* v. *Phillips* (1899), 153 Ind. 227.

The language used in *Spacy* v. *Evans* (1899), 152 Ind. 431, has manifest relation to cases in which the question of title is at issue.

It follows that the court erred in its conclusions of law. Judgment is reversed. Cause remanded, with instructions to restate conclusions of law in accordance herewith.