## CHITWOOD v. GARNER.

[No. 9,325.    Filed October 3, 1917.]

1.  BOUNDARIES.—*Survey by County Surveyor.—Appeal.—Statute.*—Under §9518 Burns 1914, §5955 R. S. 1881, relating to appeals to the circuit court from surveys by the county surveyor, the ultimate question to be determined upon the trial by the circuit court is the correctness of the lines or corners established by the survey, and, if the court is satisfied from the evidence that the true boundary line has been established, the survey should be approved and a re-survey denied, though the result was not obtained by correct procedure in making the survey.  p. 292.

2.  BOUNDARIES. — *Survey by · County Surveyor.—Appeal.—Evidence.*—On an appeal to the circuit court from a survey by the county surveyor, as provided under §9518 Burns 1914, §5955 R. S. 1881, the court properly heard evidence of former surveys in connection with the survey in controversy, and was bound to give it such weight as it merited.  p. 292.

3.  BOUNDARIES.—*Survey by County Surveyor.—Failure to Appeal.—Conclusiveness of Survey.*—If a former survey was duly made affecting the same land, and the parties to the survey in controversy or their privies were parties to the former survey, it would be conclusive if not appealed from in three years, since §9518 Burns 1914, §5955 R. S. 1881, provides that an appeal from a survey by the county surveyor may be taken within three years.  p. 293.

4.  APPEAL. — *Review. — Findings. — Conclusiveness.—Survey by County Surveyor.*—In an appeal under §9518 Burns 1914, §5955 R. S. 1881, the question of the correctness of the survey is one of fact, and where there is evidence tending to support the trial court's decision sustaining the survey, the court on appeal cannot say as a matter of law that the line established is not the true boundary line, or hold that the decision is contrary to law.  p. 293.

From Hendricks Circuit Court; *Thad S. Adams,* Special Judge.

Controversy between John C. Chitwood and Susan L. Garner originating in appeal to the circuit court from a survey of farm land.  From the judgment rendered approving the survey, the former appeals.  *Affirmed.*

*Otis E. Gulley* and *B. F. Watson,* for appellant.

*George C. Harvey, Drenan R. Harvey, George R. Harvey* and *Samuel Ashby,* for appellee.

FELT, J.—This case originated in an appeal to the circuit court from a survey of farm lands in Hendricks county. The trial in the circuit court resulted in a finding that the survey had been duly made by the county surveyor, that it was correct, and that a new survey should not be ordered. The judgment rendered was in accord with the finding, and states "that the surveyed line as located, marked and established between the lands of the plaintiff and defendant by John O. Kain be and the same is approved." From this judgment appellant, John C. Chitwood, appealed and assigned several errors, but concedes in his briefs that the only error relied on for reversal comes under the assignment that the court erred in overruling his motion for a new trial. In his original brief he states in substance that the errors relied on are that the decision of the court is not sustained by sufficient evidence, and is also contrary to law, but in the concluding portion of his reply brief he expressly states that he relies for reversal on the proposition "that the finding and judgment of the trial court is contrary to law."

The court heard evidence of the survey in controversy and of former surveys. There is ample evidence to sustain the decision of the court, and therefore independently of appellant's statement in his briefs this phase of the case requires no further consideration.

Appellant contends that the decision of the court is contrary to law because it conclusively appears without substantial conflict that the method employed by the surveyor was wrong, and that the survey was not properly made.

Section 9518 Burns 1914, §5955 R. S. 1881, provides

that: "The survey of such surveyor shall be *prima facie* evidence in favor of the corners so established and the lines so run; but an appeal may be taken to the circuit court, within three years, and such court may reverse such survey. Upon such appeal being prayed for by any person, such surveyor shall, forthwith, transmit the papers in his hands touching the same, and copies of the field-notes in the case complained of, without requiring an appeal-bond; and such court, in trial of such appeal, may receive evidence of other surveys of the same premises, made by the same or other persons, either before or since the one complained of; and if such court shall decide against such surveyor, it shall enter an order for a re-survey, and such new survey may be made by any other competent person whom the court may designate, from whose decision an appeal may be had in like manner."

The foregoing and the succeeding section of the statute show that the ultimate question determined upon the trial by a circuit court of such an appeal is

1. the correctness of the lines or corners established by the survey. If the court is satisfied from the evidence that the true boundary line has been established by the survey it should be approved and a re-survey denied, though the court might believe the result was not obtained by correct procedure in making the survey.

Upon the trial the court followed the statute and heard evidence of other surveys. One of such surveys was made by John W. Trotter, a former county

2. surveyor, in 1898, and the corner in controversy was established by the east survey in conformity with that survey. The evidence also shows that a survey had been made long prior to 1898 and that in 1898 the surveyor was able to find evidences of it and that he took cognizance thereof. Appellant contends that

he was not justified in doing so, and that he was thereby led into an error which was followed in the survey in controversy. Be that as it may, the court properly heard the evidence of former surveys in connection with the present survey and was duty bound to give it such weight as it seemed to merit. If the former survey was duly made affecting the same land, and the parties to this survey or their privies were parties to the former survey, it would be conclusive if not appealed from within three years. Though we cannot state from the evidence presented that such is the case in this instance, the evidence of the former survey tends to show that the corner in dispute in this controversy was correctly established by the last survey. *Wilson* v. *Powell* (1905), 37 Ind. App. 44, 75 N. E. 611; *Hunter* v. *Eichel* (1885), 100 Ind. 463; *Herbst* v. *Smith* (1880), 71 Ind. 44.

If it were conceded that the surveyor did not proceed in the proper manner to establish the lost corner, it would not necessarily follow that the result reached was wrong. The question of the correctness of the survey is one of fact, and, there being evidence which tends to support the decision and sustain the survey, we cannot say as a matter of law on the facts of the case that the line established is not the true boundary line, or hold that the decision is contrary to law.

The conclusion reached makes it unnecessary for us to consider other questions suggested by the briefs.

The identical question as here presented does not seem to have been decided, but the conclusion announced is in harmony with our statutes and in accord with the spirit of our decisions. *Sinn* v. *King* (1892), 131 Ind. 183, 31 N. E. 48; *Grover* v. *Paddock* (1882), 84 Ind. 244; *Rosenmeier* v. *Mahrenholz* (1912), 179

Ind. 467, 101 N. E. 721; *Keesling* v. *Truitt* (1868), 30 Ind. 306.

Judgment affirmed.

NOTE.—Reported in 117 N. E. 211.   See under (1-3) 9 C. J. 294; 110 Am. St. 680.