F. L. MERCER LUMBER COMPANY v. ISENHART.

[No. 11,536. Filed May 9, 1923. Rehearing denied October 3, 1923.]

1. LOGS AND LOGGING.—*Marking Trees.—License to Cut Standing Trees.—Death of Licensor.*—Where the buyer of a certain number of standing trees from the owner of defeasible fee marked the trees, but did not cut or remove them prior to the termination of the defeasible fee by the owner's death, *held* the buyer was liable to the subsequent owner of the land on removal of the trees subsequent thereto, since the marking of the trees did not convert them, either actually or constructively, into personal property.  p. 338.

2. PROPERTY.—*Personal Property.—Marking Standing Trees.*— The marking of trees does not convert them, either actually or constructively, into personal property.  p. 338.

From Wells Circuit Court; *Wilson D. Lett,* Special Judge.

Action by Elmira Isenhart against the F. L. Mercer Lumber Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Eichhorn & Edris,* for appellant.

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellee.

DAUSMAN, J.—This action was instituted by Elmira Isenhart against the F. L. Mercer Lumber Company to recover damages for wrongfully cutting and removing certain growing trees from her land.

From the special finding of facts it appears that one David Franklin Curry was the owner of a tract of farm land; that he owned the land by a title known as a defeasible (or determinable) fee (*Curry* v. *Curry* [1914], 58 Ind. App. 567, 105 N. E. 951) ; that on April 22, 1910, by agreement in parol, he sold fifty-one growing trees, located on said farm, to the F. L. Mercer Lumber Company for the sum of $105, and received the purchase price in full; that the trees so sold were marked and designated by him for the purpose of identification; that while he lived the lumber company cut and removed some of the trees; that on September 16, 1910, he was killed, presumably by accident, and that thereupon and simultaneously therewith the land became the property of Elmira Isenhart; and that after the lumber company had knowledge of the death of Curry, it cut and removed seventeen of the remaining trees, whereby the land was damaged in the sum of $75.

The conclusions of law are to the effect that the plaintiff is entitled to recover her damages and costs. Judgment accordingly.

VOL. 80—22

The appellant contends: (1) that there is no evidence to sustain the finding; and (2) that the effect of marking the trees which were to be cut and removed, was to transform them from real to personal property.

We are unable to sustain either contention. While the evidence is not clear as to some features, nevertheless it tends fairly to sustain the finding. Under 1, 2. the law in this jurisdiction the marking of the trees did not convert them, either actually or constructively, into personal property. *Owens* v. *Lewis* (1874), 46 Ind. 488, 15 Am. Rep. 295; *Spacy* v. *Evans* (1899), 152 Ind. 431, 52 N. E. 605. See 17 R. C. L. 1068; 4 Notes to Indiana Decisions p. 867. The lumber company's misfortune is due to the fact that it failed to remove all the trees before its license to enter upon the land for that purpose was revoked by the death of Curry.

Judgment affirmed.